**UNITED STATES COURT OF APPEALS**
**for the Fifth Circuit**

_____

No. 96-30619
Summary Calendar
_____

VESSIE L. JACKSON,

Plaintiff-Appellant,

VERSUS

U.S. DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT, ET AL.,

Defendant,

UNITED STATES OF AMERICA,

Defendant-Appelllee.

_____

Appeal from the United States District Court
for the Western District of Louisiana
(94-CV-1686)
_____

April 17, 1997

Before DAVIS, EMILIO M. GARZA, and STEWART, Circuit Judges.

PER CURIAM:[*]

Plaintiff Vessie L. Jackson appeals the dismissal of his suit against the Department of Housing and Urban Development ("HUD") and contends that the district court improperly considered inadmissible materials. We conclude that because Jackson failed to object in a timely manner, he has waived this argument on appeal. We affirm.

I.

---

[*]Pursuant to Local Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Local Rule 47.5.4.

In 1981, Jackson received preliminary approval from HUD to build multifamily apartment projects in Louisiana under a Minority Business Enterprise ("MBE") program. Jackson sought the assistance of the Fairfield Development Company ("FDC") in filing a Form 92013, an application for firm commitment, in connection with the project. Instead of filing the form signed by Jackson, Jackson contends that FDC filed a form signed by its president, Stanton Dossett, and that HUD negligently processed that form. In doing so, Jackson maintains, HUD recognized FDC, a nonminority controlled entity, as owner of the housing projects in violation of HUD regulations prohibiting nonminority entities from owning a majority interest in MBEs.[1]

In September 1994, Jackson filed this complaint against HUD and alleged, among other things, negligence under the Federal Tort Claims Act ("FTCA"). To avoid being time-barred by the FTCA's two-year statute of limitations period, Jackson contends that he did not discover that HUD recognized FDC as owner of the housing projects until he received a copy of FDC's Form 92013 in late 1991 or early 1992 as a result of a Freedom of Information Act request.

---

[1] This suit is the latest in a series of legal entanglements arising out of the business relationship of FDC and Jackson. In 1982, Jackson and FDC entered into a limited partnership to construct and manage the housing projects. Jackson later granted FDC a majority interest in the partnership. He then asked HUD to void this transfer, but HUD declined to do so and stated that such ownership disputes must be resolved by the parties. In 1983 and 1984, Jackson filed several suits in state court against FDC seeking to recover ownership of the properties; in May 1984, Jackson agreed to a settlement of the suits and to the transfer of his ownership interest in the housing projects for $219,559.09.

Thereafter, he filed a complaint with HUD in May 1993 and, later, this lawsuit in federal court.

HUD moved to dismiss all of Jackson's claims under Fed. R. Civ. P. 12(b)(1), (2), and (6) and submitted material outside the pleadings for the court's consideration.  Jackson replied to the motion to dismiss but did not object to the submission of the outside materials.  The district court dismissed all of Jackson's claims; in doing so, it considered the extra-pleading materials,[2] found that Jackson knew HUD recognized FDC as the owner of the housing projects more than two years before he filed his complaint with HUD, and concluded that Jackson's negligence claim was time-barred.

In his motion for reconsideration and on appeal, Jackson challenges the district court's reliance on the unauthenticated documents and letters attached to FDC's motion to dismiss, FDC's motion opposing Jackson's motion to amend, and FDC's renewed motion to dismiss.[3]

II.

---

[2]The evidence submitted by HUD in connection with its various motions consisted of letters exchanged between Jackson's attorney and HUD in 1983 discussing FDC's ownership of the projects; documents related to lawsuits that Jackson filed against FDC in 1984 regarding the contested ownership and the eventual settlement of those suits; documents related to Jackson's claims against HUD employees filed with the EEOC and Department of Justice in 1983, 1984, and 1994; and a letter related to Jackson's request for an investigation of HUD by the Office of Inspector General in 1987.

[3]Jackson does not challenge the district court's dismissal of his claims against HUD alleging fraud, intentional infliction of emotional distress, breach of contract, and violations of various federal statutes.

To establish federal jurisdiction in a suit under the FTCA, a plaintiff must demonstrate compliance with the statute of limitations. Johnston v. United States, 85 F.3d 217, 218 n.2 (5th Cir. 1996). Under 28 U.S.C. § 2401(b), a court has jurisdiction over a claim under the FTCA as long as "it is presented in writing to the appropriate Federal agency within two years after such claim accrues."

Here, HUD moved to dismiss the FTCA claim for lack of subject-matter jurisdiction under Rule 12(b)(1) on statute of limitations grounds and argued that the jurisdictional facts underlying Jackson's complaint were incorrect. Specifically, the agency contended that Jackson had notice that HUD recognized FDC as owner of the housing projects more than two years before Jackson filed a complaint with HUD. In resolving a factual 12(b)(1) motion, this court has recognized that "[b]ecause at issue . . . is the trial court's jurisdiction--its very power to hear the case--there is substantial authority that the trial court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case. . . . [T]he existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims." Williamson v. Tucker, 645 F.2d 404, 412-13 (5th Cir.) (quoting Mortensen v. First Fed. Sav. and Loan Ass'n, 549 F.2d 884, 891 (3rd Cir. 1977)), *cert. denied*, 454 U.S. 897 (1981). Thus, a district court is entitled to review outside materials when resolving a 12(b)(1) motion for lack of subject-matter jurisdiction. Id. at 413.

Jackson argues that he did not object to the court's consideration of the allegedly inadmissible materials because he had no notice that the court would consider them. He correctly contends that, in a motion to dismiss for failure to state a claim under Rule 12(b)(6), materials outside the pleadings may not be considered unless the motion is converted to a motion for summary judgment. *See* Fed. R. Civ. Pro. 12(b) (requiring court to treat motion to dismiss for failure to state a claim as motion for summary judgment where outside material is considered); <u>Washington v. Allstate Ins. Co.</u>, 901 F.2d 1281, 1283-84 (5th Cir. 1990) (noting that nonmovant in converted summary judgment case is entitled to Rule 56's procedural safeguards). Here, however, satisfaction of the FTCA's limitations provision is a prerequisite for federal jurisdiction; thus, HUD's motion to dismiss the FTCA claim is properly characterized as a 12(b)(1) motion to dismiss for lack of subject-matter jurisdiction rather than a 12(b)(6) motion to dismiss for failure to state a claim. As noted above, it is well-settled that a court may consider outside materials in resolving a motion to dismiss for lack of subject-matter jurisdiction. <u>Williamson</u>, 645 F.2d at 413-14; *see also* <u>Moran v. Kingdom of Saudi Arabia</u>, 27 F.3d 169, 173 (5th Cir. 1994); <u>Eaglin v. United States</u>, 794 F.2d 981, 984 n.3 (5th Cir. 1986). Given this principle, Jackson was on notice that the court would consider extra-pleading materials in deciding HUD's motion to dismiss.

Therefore, assuming without deciding that the extra-pleading materials were inadmissible, Jackson has waived his objection

5

because he failed to object to the court's consideration of the material in his motion opposing HUD's motion to dismiss or in his reply to HUD's response.  While materials outside the pleadings must conform to the rules and standards of admissiblity that govern at trial, *cf.* Christophersen v. Allied-Signal Corp., 939 F.2d 1106, 1109 n.2 (5th Cir. 1991) (discussing motions for summary judgment), *cert. denied*, 503 U.S. 912 (1992), inadmissible material considered by a district court without challenge may support a dismissal. *See, e.g.*, Donaghey v. Ocean Drilling & Exploration Co., 974 F.2d 646, 649 n.3 (5th Cir. 1992); McCloud River R.R. Co. v. Sabine River Forest Prods., Inc., 735 F.2d 879, 882 (5th Cir. 1984); Resolution Trust Corp. v. Gaudet, 907 F. Supp. 212, 217 n.22 (E.D. La. 1995).

### III.

The district court characterized its treatment of the negligence claim as a grant of summary judgment and, accordingly, a dismissal with prejudice.  Because Jackson failed to satisfy the FTCA's jurisdictional prerequisites, the district court lacked the jurisdiction to render a decision on the merits; the case is therefore properly dismissed without prejudice.  *See* Stanley v. Central Intelligence Agency, 639 F.2d 1146, 1158 (5th Cir. 1981) ("Since appellant's allegations should not have survived the 12(b)(1) jurisdictional attack . . . ., the court had no jurisdiction to dispose of the case on the merits by reaching the 12(b)(6) motion of dismissal for failure to state a claim.").

### IV.

6

For these reasons, the district court's dismissal of Jackson's FTCA claim is modified to a dismissal without prejudice and, as modified, is AFFIRMED.

AFFIRMED.